#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE MIDDLE DISTRICT OF GEORGIA
#### ALBANY DIVISION

| | |
|---|---|
| KARAM S. SETHI, | : |
| Plaintiff, | : |
| v. | : 1:05-CV-118 (WLS) |
| GORDON R. ENGLAND, Secretary of the Navy, et. al., | : |
| Defendants. | : |

### ORDER

Before the Court are Defendant Gordon R. England's Motion to Dismiss (Doc. 7), Defendants Robert K. Trammell and Mitchell A. Upton's (collectively, "Individual Defendants") Motion to Dismiss (Doc. 8) and Plaintiff's Motion for a Hearing (Doc. 18).

For the following reasons, Defendant Gordon R. England's Motion to Dismiss (Doc. 7) is **DENIED-IN-PART WITH PREJUDICE** and **DENIED-IN-PART WITHOUT PREJUDICE**; Defendants Robert K. Trammell and Mitchell A. Upton's (collectively, "Individual Defendants") Motion to Dismiss (Doc. 8) is **GRANTED**; and Plaintiff's Motion for a Hearing (Doc. 18) is **DENIED**.[1]

### DISCUSSION

**I.  Individual Defendants' Motion to Dismiss**

Individual Defendants Robert K. Trammell and Mitchell A. Upton move the Court to dismiss Plaintiff's claims against them in their personal capacities. (Doc. 8).  Title VII of the Civil Rights Act of 1964, as amended, ("Title VII"), 42 U.S.C. § 2000e-16(c) (2005), provides the exclusive and preemptive judicial remedy for employment discrimination claims by federal employees.  *See* Canino v. United States Equal Employment Opportunity Commission, 707 F.2d

---

[1] Upon review of the parties' submissions in connection with the instant motions to dismiss (Docs. 7, 8), the Court finds the same to adequately and sufficiently brief the relevant issues. Accordingly, the Court does not find a hearing on the subject motions necessary to assist the Court in properly resolving the same.  Plaintiff's Motion for a Hearing (Doc. 18) is therefore **DENIED**.

468, 472 (11th Cir. 1983) (*citing* Brown v. General Services Administration, 425 U.S. 820, 829 (1976)).  In a Title VII action against the federal government for alleged employment discrimination, such as the one at bar, the proper defendant is the head of the department, agency, or unit in his official capacity.  *Id*.   Accordingly, the only proper defendant in this case is Defendant England as Secretary of the Navy, in his official capacity as the head of the Department of the Navy.  *See* Keel v. Roche, 256 F.Supp. 2d 1269, 1281 (M.D. Ala. 2003).

Based upon the foregoing, Individual Defendants' Motion to Dismiss (Doc. 8) is **GRANTED**.  Accordingly, Robert K. Trammell and Mitchell A. Upton are **DISMISSED** as party defendants in the above-captioned action.

## II.     Defendant Gordon R. England's Motion to Dismiss

Defendant Gordon R. England ("Defendant England" or "Defendant") moves the Court to dismiss Plaintiff's claims alleging discrimination based on race, national origin, sex, religion, and age. (Doc. 7).   Specifically, Defendant alleges that Plaintiff did not timely contact an EEO counselor regarding the claims submitted in this case.  *Id*.   Under 29 C.F.R. § 1614.105(a)(1), which establishes the relevant limitations period for race-, national origin-, sex-, religion-, and age-based discrimination claims, an allegedly "aggrieved individual must initiate contact with an EEO counselor within 45 days of the matter alleged to be discriminatory."  However, strict compliance with this requirement is waived if the allegedly aggrieved individual "shows that...[he] did not know and reasonably should not have known that the discriminatory matter or personnel action occurred." 29 C.F.R. § 1614.105(a)(2) (emphasis added); *see also* Sturniolo v. Sheaffer, Eaton, Inc., 15 F.3d 1023 (11th Cir. 1994).

Here, Plaintiff, a civilian employee with the Department of the Navy, working at the Marine Corps Logistics Base ("MCLB") in Albany, Georgia, applied for the position of Quality Assurance Director.  (Docs. 1, 7, 19).  On October 20, 2003, allegedly a non-minority person, who the Plaintiff alleges is less qualified than he, was selected for the position.  (Doc. 1; *see also* Doc. 7).  Plaintiff first contacted an EEO counselor on December 10, 2003.  (Doc. 19).  Defendant asserts that Plaintiff knew, or reasonably should have known of his non-appointment on October 20, 2003, when the position was filled.  (Doc. 7).   His alleged failure to contact the

EEO counselor within 45 days of the alleged discriminatory event, Defendant argues, merits dismissal of the instant action. *Id*.

To the contrary, Plaintiff alleges that he did not know on October 20, 2003 that he had not been selected for the Quality Assurance Director position. (Docs. 1, 19). Plaintiff further alleges that he reasonably relied upon a MCLB notification policy to the extent that Defendant's failure to notify him according to the terms of that policy support a finding that he should not have known of his non-selection absent an official notice. *Id*. Indeed, upon review of the docket, the Court finds that neither party has presented evidence to the Court as to the date on which Plaintiff learned of the fact that he had not been selected for the position in question. (Docs. 1, 7, 19).

As such evidence is critical to the determination of the timeliness of Plaintiff's initial contact with the EEO counselor, and in turn to the instant Motion to Dismiss, the absence of the same precludes the Court from finding that Defendant has "demonstrate[d] beyond doubt that [Plaintiff] can prove no set of facts in support of his claim" that he did not know or reasonably should not have known of his non-selection on October 20, 2003. *See* Harper v. Blockbuster Entertainment Corp., 139 F.3d 1385, 1387 (11th Cir. 1998) (*quoting* Conley v. Gibson, 355 U.S. 41, 45 (1957)). On the question of timely EEO contact, Defendant's Motion to Dismiss (Doc. 7) is **DENIED WITH PREJUDICE**.

However, the Court notes that Plaintiff does not allege in his Complaint or otherwise show in any subsequent submissions to the Court that **he** is a member of a protected class; instead he alleges that various persons involved in the personnel action at issue are not members of a protected class. (*See* Docs. 1, 17, 18, 19, 21, 22). First among the elements of a prima facie case for discriminatory failure to hire is an allegation by Plaintiff that he is a member of a protected class. *Id*.; *see also* Coutu v. Martin Co. Bd. of County Comm'rs, 47 F.3d 1068, 1073 (11th Cir. 1995). Absent such an allegation, Plaintiff has no cognizable action under Title VII. *See supra* Jackson.

However, the Court notes that Plaintiff initiated the instant action *pro se*. (*See* Doc. 1). While the Court notes that appearance *pro se* does not relieve a party of the burden of

compliance with the Federal Rules of Civil Procedure, a *pro se* complaint, such as this one, "is held to even less stringent standards than formal pleadings drafted by lawyers." Haines v. U.S., 404 U.S. 519, 520 (1974). "Accordingly, the Court will not dismiss a pro se complaint under Rule 12(b)(6) unless assured "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* at 521 (internal quotations omitted).

As to whether Plaintiff is a member of a protected class, the Court is not assured beyond doubt at this time that he can prove no set of facts in support of such a claim. Furthermore, the Court notes that Plaintiff has since retained counsel in this matter. (*See* Doc. 10). Based on the foregoing, Defendant England's Motion to Dismiss (Doc. 7) is **DENIED WITHOUT PREJUDICE** upon Plaintiff's right to amend his complaint to address whether or not he is a member of a protected class as that term is defined by Title VII **within ten (10) days of service of this Order**. If Plaintiff fails to amend, Defendant may reassert the instant motion by notice.

## CONCLUSION

For the foregoing reasons, Defendant Gordon R. England's Motion to Dismiss (Doc. 7) is **DENIED-IN-PART WITH PREJUDICE** and **DENIED-IN-PART WITHOUT PREJUDICE**; Defendants Robert K. Trammell and Mitchell A. Upton's (collectively, "Individual Defendants") Motion to Dismiss (Doc. 8) is **GRANTED**; and Plaintiff's Motion for a Hearing (Doc. 18) is **DENIED**. Plaintiff is further **PERMITTED** to amend his complaint to address whether or not he is a member of a protected class as that term is defined by Title VII **within ten (10) days of service of this Order**.

**SO ORDERED**, this ___10th___ day of July, 2006.

        /s/W. Louis Sands
**W. LOUIS SANDS, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**